Harris, J.,
delivered the opinion of the Court.
On the 27th of November, 1854, the plaintiff exhibited her petition to the Circuit Judge, alleging that the de *74 fendant unlawfully detained from her two free girls of color, who had been hound as apprentices to her by the County Court of Grainger, and prayed for a writ of habeas corpus. This writ was granted, returnable to the Circuit Court of Grainger county, and at the return term, on motion of the defendant, the writ of habeas corpus was quashed by the Court, and the plaintiff has appealed in error to this Court.
Is a habeas corpus an available remedy to restore to the master his apprentice, when illegally detained from him ? We think not. This question was directly in judgment before the Court of King’s Bench in the case of The King vs. Edwards, 7 Durn. & East R., 745. The facts were, that one Gabriel, an apprentice, having entered into the sea-service and received the bounty-money, the master moved for a habeas corpus to bring him up, in order that he might be restored to him. The Court held, upon a rule to show cause why the' writ should not be quashed, that though the apprentice might obtain the writ, the master could not: that its object was the protection of the liberty of the party. That the master was not without his remedy, for that he might have his action against those who detained his apprentice, knowing him to be an apprentice. The King vs. Reynolds, 6 Durn. & East R., 497, is to the same effect.
The object of the writ of habeas corpus was not to enable persons to assert a right to property, or to the services of another, but to protect the liberty of the subject. An action on the case for seducing the apprentice from the master’s service, instead of a habeas corpus, would have been a proper remedy.
It has also been repeatedly held by this Court, that *75 from the decision of a Circuit Court dismissing a writ of habeas corpus, an appeal •will not be entertained.
There is no error, and the judgment of the Circuit Court will be affirmed.